SERVIAN SOCIETY v. DOUGLAS CAMP.

(First Division. Juneau. February 26, 1906.)

No. 505A.

1. BENEFICIAL ASSOCIATIONS (§ 16*)—FRATERNAL ORDERS—MANDAMUS —SOCIETIES.

The Servian Benevolent Society, located at Angels' Camp, California, claimed control over the Douglas Camp, located at Douglas, Alaska. The latter after its organization as a branch of the Angels' Camp parent, had become a member of the national organization known as the Servian Benevolent Brotherhood Association, the governing board of which was located in Chicago, Illinois. Angels' Camp society also became a member of the national organization on equal footing with the Douglas camp. The president of Angels' Camp brought mandamus to compel Douglas Camp to permit him to inspect the books and records of Douglas Camp. *Held*, that Douglas Camp was under the jurisdiction of the national organization in Chicago, and not under the Angels' Camp, and the application of the president of Angels' Camp for mandamus to inspect the books and record denied.

[Ed. Note.—For other cases, see Beneficial Associations, Dec. Dig. § 16.*]

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

Proceeding for writ of mandamus.

Malony & Cobb, for plaintiff.

Shackleford & Lyons, for defendant.

GUNNISON, District Judge. This proceeding arose over an attempt of the plaintiff, as the president of Angels' Camp No. 1 of the Servian Benevolent Society, located at Angels' Camp, California, to make an inspection of the books and records of Douglas Camp, No. 6, of the Servian Society, located at Douglas, Alaska, for the alleged purpose of settling certain difficulties which had arisen in the administration of the affairs in the latter camp. In his complaint, plaintiff alleges that Douglas Camp is a branch of, under the jurisdiction of, and subject to the control of Angels' Camp, and therefore plaintiff, as the presiding officer of Angels' Camp, is entitled to the inspection of its books and records. This the defendant denies, admitting, however, that Douglas Camp was organized and for a time was under the jurisdiction and subject to the control of Angels' Camp, of California, but that in July, 1905, it became an independent camp or lodge, and a member of the First Servian Benevolent Brotherhood Association of the United States, the grand lodge or governing board of which was located at Chicago, in the state of Illinois, and that since that time Angels' Camp has no authority or control whatever over the Douglas Camp.

The matter was heard by the court, and evidence, oral and documentary, was introduced. It is perhaps proper to state that the court, believing that difficulties of this character should be settled in the lodges themselves, and not before the public in the courts, and that the nature of the controversy, the documentary evidence consisting entirely of translations from Servian into English, and the witnesses being unable to speak the English language with any degree of fluency, warranted it, overruled all objections interposed by either party,

and sought to elicit all information possible which might enlighten the court as to the character, purposes, and mode of government of the society. It is the opinion of the court, after as thorough and searching investigation as the limited English vocabulary of the witnesses and the apparently imperfect translations of the constitutions of the society would permit, that many of the witnesses themselves did not fully comprehend the situation. This situation existing, it is somewhat difficult to arrive at a solution that is entirely satisfactory to the court in all details. But the fact is clear that since July 20, 1905, Douglas Camp, the defendant in this proceeding, has been and now is independent of its organizer, Angels' Camp, and it is now a subordinate lodge or camp belonging to and under the jurisdiction of the First Servian Benevolent Brotherhood Association of Chicago, and that thereafter Angels' Camp and its officers have no inherent right or authority over the defendant.

The facts as developed by the evidence appear to the court to be thus:

Some eight years ago the members of Angels' Camp, No. 1, of the Servian Benevolent Society of the United States, located at Angels' Camp, California, organized what was termed a branch camp at the town of Douglas, Alaska, which was known as Douglas Camp, No. 2, for a time. These branch camp or lodges were, under the constitution of the society, considered as a part of the organizing lodge, and were under the absolute control and direction of the organizing camp or lodge.

In 1903 the members of a number of independent Servian societies in various parts of the United States organized what is known as the First Servian Benevolent Brotherhood Association, with headquarters in the city of Chicago, in the state of Illinois, and incorporated the association under the laws of the state of Illinois. On July 20, 1904, a convention

of the independent Servian societies was held at the city of
Chicago, and at this convention Angels' Camp, No. 1, was
represented. Its delegates then and there signed a new con-
stitution, which was promulgated at that time. Under this
new constitution a branch camp of any of the camps signing
might become a subordinate lodge in the First Benevolent
Brotherhood Association, independent of its original organ-
izer, and subject only to the jurisdiction of the Illinois as-
sociation, upon the payment of all its debts and obligations
to the organizing camp or lodge. The testimony of the wit-
nesses for the defendant is to the effect that in the fall of
1904 Angels' Camp directed by letter that Douglas Camp
should thereafter make all its reports to the office of the
grand lodge of the First Servian Benevolent Association at
Chicago. This letter was not produced, but the statement is
not controverted. Thereafter a convention of the independent
lodges, or what in the translation of the constitution is termed
subordinate lodges, was convened at the city of Chicago on
the 20th day of July, 1905, and Douglas Camp was repre-
sented by a delegate. At this time the constitution was re-
framed, and all the Servian societies represented signed the
constitution by their delegates. Thus Angels' Camp and
Douglas each signed the constitution and by-laws of the First
Servian Benevolent Brotherhood Association, and became
subject to that association in all things. Since that time each
society has reported to the Chicago grand lodge, and has
been under its direction and control.

The defendant offered to prove that it had paid all its
obligations and debts to the Angels' Camp, and this was ad-
mitted by the plaintiff. Plaintiff also conceded the sending
of the delegate by Douglas Camp to the convention of July
20, 1905, at Chicago, and the propriety of its having reported
to that society its financial condition, etc., but contends that
this is merely the financial part of the society, and that the

jurisdiction over members and the control of the ritual of the society generally, aside from financial matters, is still in Angels' Camp.

An examination of the translation of the constitutions of Angels' Camp and of the First Servian Benevolent Association of Chicago does not substantiate this contention. It is clear from the translations, which are evidently very poorly done, but which nevertheless in a general way disclose the purpose and intention of the organization, that the jurisdiction of Angels' Camp ceased at the time that the delegate or representative of Douglas Camp participated in the convention at Chicago in July, 1905, and that since that time all the control and jurisdiction over Douglas Camp was vested in the grand lodge or governing board of the First Servian Benevolent Association at Chicago. This view is borne out by the weight of the whole testimony, and by the telegrams exchanged between the plaintiff and his own camp and between the plaintiff and the president of the First Servian Benevolent Association at Chicago. The opinion arrived at is that plaintiff has no right to the relief for which he prays in his complaint.

Let an order be entered dismissing the suit, with costs.